UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LANCE PAUL E.,[1] <br><br> Plaintiff, <br><br> v. <br><br> MARTIN J. O'MALLEY, <br> Commissioner of Social Security Administration,[2] <br> Defendant. | Case No. 4:23-cv-00217-DKG <br><br> **MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Plaintiff filed a Complaint for judicial review of the Commissioner's denial of his application for disability and disability insurance benefits. (Dkt. 1). Having reviewed the Complaint, the parties' memoranda, and the administrative record (AR), the Court will reverse the decision of the Commissioner for the reasons set forth below.

## BACKGROUND

On December 3, 2019, Plaintiff protectively filed a Title II application for a period of disability and disability insurance benefits, alleging disability beginning on April 1,

---

[1] Plaintiff's name is partially redacted in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

[2] Martin J. O'Malley became the Commissioner of Social Security Administration on December 20, 2023. Fed. R. Civ. P. 25(d).

MEMORANDUM DECISION AND ORDER - 1

2016. (AR 14). Plaintiff's application was denied initially and on reconsideration. A hearing was conducted on January 19, 2021, before Administrative Law Judge (ALJ) David Willis. (AR 14).[3]

Plaintiff previously filed applications for a period of disability, disability insurance benefits, and supplemental security income that were denied in a decision dated January 23, 2019, which became final because Plaintiff did not request review within the stated time. (AR 15). The ALJ here determined that decision will remain final and binding on the issue of disability during the previously adjudicated period. (AR 15). The ALJ compared the evidence considered in reaching the previous decision with Plaintiff's current claim, finding that no new material evidence or legal changes occurred in the connection with the previously adjudicated period. (AR 15). Therefore, the ALJ dismissed the request for a hearing on the previously adjudicated period through January 23, 2019. As such, the ALJ's decision addressed only the unadjudicated period beginning January 24, 2019. (AR 15).

After considering testimony from Plaintiff and a vocational expert, the ALJ issued a written decision on May 12, 2021, finding Plaintiff not disabled. (AR 13-24). The Appeals Council denied Plaintiff's request for review, making the ALJ's decision final. *See* 42 U.S.C. § 405(h). Plaintiff timely filed this action seeking judicial review of the ALJ's decision. (Dkt. 1). The Court has jurisdiction pursuant to 42 U.S.C. § 405(g).

---

[3] The hearing was conducted with the consent of the Plaintiff via telephone due to the Coronavirus Pandemic of 2019. (AR 14).

On the date last insured, Plaintiff was forty-five years of age. (AR 23). Plaintiff has at least a high school education with past relevant work experience as an auto mechanic. (AR 22-23). Plaintiff claims disability due to physical and mental impairments including bilateral ankle dysfunction (post bilateral ankle surgeries), degenerative disc disease of the cervical spine (post C4-6 fusion), left shoulder dysfunction (post-surgery), chronic lumbar strain, depressive disorder, and post-traumatic stress disorder. (AR 18).

## THE ALJ'S DECISION

Disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ engages in a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act. 20 C.F.R. § 404.1520; *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006) (discussing *Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999)).

Here, at step one, the ALJ found Plaintiff had not engaged in substantial gainful activity during the period from the beginning of the unadjudicated period, January 24, 2019, through his date insured of June 30, 2019. (AR 18). At step two, the ALJ determined Plaintiff suffers from the following medically determinable severe impairments: bilateral ankle dysfunction (post bilateral ankle surgeries), degenerative disc disease of the cervical spine (post C4-6 fusion), left shoulder dysfunction (post-surgery), and chronic lumbar strain. (AR 18). The ALJ found Plaintiff's depressive disorder and post-traumatic stress disorder were non-severe. (AR 18).

At step three, the ALJ determined that, through the date last insured, Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. (AR 20). The ALJ next found Plaintiff retained the Residual Functional Capacity ("RFC") for light work with the following limitations:

> [Claimant can] lift, carry, push, and pull 20 pounds occasionally and 10 pounds frequently; sit for up to six hours in an eight-hour work day; stand and/or walk for up to four hours in an eight-hour work day; never reach overhead with the bilateral upper extremities, but frequently reach in all other directions with the bilateral upper extremities; occasionally climb ramps and stairs, but never climb ladders, ropes, or scaffolds; occasionally balance, stoop, kneel, crouch, and crawl; never work at unprotected heights or around moving mechanical parts; and avoid concentrated exposure to extreme cold and vibration.

(AR 20).

At step four, the ALJ found Plaintiff is unable to perform any past relevant work as an auto mechanic as generally performed in the national economy. (AR 22). At step five, the ALJ determined that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform considering his age, education, work experience, and RFC, such as small products assembler, assembler-arranger, and stock checker. (AR 23-24). Therefore, the ALJ found Plaintiff not disabled. (AR 24).

## STANDARD OF REVIEW

The Court will uphold an ALJ's decision unless: (1) the decision is based on legal error, or (2) the decision is not supported by substantial evidence. *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*,

**MEMORANDUM DECISION AND ORDER - 4**

139 S.Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). This requires "more than a mere scintilla" of evidence. *Id.*

The Court must consider the administrative record as a whole. *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014). It must weigh both the evidence that supports, and the evidence that does not support, the ALJ's conclusion. *Id.*

If the ALJ's decision is based on a rational interpretation of conflicting evidence, the Court will uphold the ALJ's finding. *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008). It is unnecessary for the ALJ to "discuss all evidence presented." *Vincent on Behalf of Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (citation omitted) (emphasis in original). The ALJ must, however, explain why "significant probative evidence has been rejected." *Id.*

## DISCUSSION

The sole issue raised on review is whether the ALJ erred at step five when he found there was no conflict between the DOT and the Vocational Expert's testimony, and if there was a conflict, whether that conflict was resolved.

### A.   Legal Standard

At step five, the burden shifts to the Commissioner to show whether a person with the claimant's limitations, age, education, and experience can perform occupations that "exist in significant numbers in the national economy." 20 C.F.R. § 404.1560(c)(1); *Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007). A vocational expert provides testimony that aids the ALJ in this determination. Vocational experts are professionals who, through their training and experience, have "expertise and current knowledge of

**MEMORANDUM DECISION AND ORDER - 5**

working conditions and physical demands of various jobs; knowledge of the existence and numbers of those jobs in the national economy; and involvement in or knowledge of placing adult workers with disabilities into jobs." *Biestek*, 139 S. Ct. at 1152. When the ALJ solicits testimony from the vocational expert, the ALJ has an affirmative duty to verify that the testimony is consistent with the Dictionary of Occupational Titles ("DOT").[4] *Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007) (an ALJ may not rely on the expert's testimony "regarding the requirements of a particular job without first inquiring whether the testimony conflicts with the [DOT]").

If the vocational expert's opinion that the applicant is able to work conflicts with, or seems to conflict with, the requirements in the DOT, then the ALJ must ask the expert to reconcile the conflict before relying on the expert to decide if the claimant is disabled. *Gutierrez v. Colvin*, 844 F.3d 804, 807 (9th Cir. 2016) (citing SSR 00-4P, 2000 LEXIS 8, 2000 WL 1898704, at *2). For a difference between an expert's testimony and the DOT's listing to be fairly characterized as a conflict triggering the ALJ's obligation to inquire further, it must be obvious or apparent, meaning the testimony must be at odds with the DOT's listing of job requirements that are essential, integral, or expected. *Leach v. Kijakazi*, 70 F.4th 1251, 1255 (9th Cir. 2023).

---

[4] "The DOT refers to occupations not specific jobs. Occupation is a broad term that includes the collective description of numerous jobs and lists maximum requirements of the jobs as generally performed. SSR 00-4P, 2000 SSR LEXIS 8, 2000 WL 1898704, at *2-3. Because of this definitional overlap, not all potential conflicts between an expert's job suitability recommendation and the [DOT]'s listing of maximum requirements for an occupation will be apparent or obvious." *Gutierrez v. Colvin*, 844 F.3d 804, 807-08 (9th Cir. 2016) (internal quotations omitted).

**MEMORANDUM DECISION AND ORDER - 6**

### B.     ALJ's Decision

At step five, the ALJ found Plaintiff could perform three representative occupations – small parts assembler, assembler-arranger, and stock checker. (AR 24). At the hearing, the vocational expert testified that an individual with Plaintiff's limitations, which include never being able to reach overhead with his bilateral upper extremities, but frequently being able to reach in all other directions, could perform the representative occupations. (AR 53-54). The ALJ then asked the expert whether there "is anything about the hypotheticals that may not be specifically addressed in the DOT or the companion publications, if so, could you identify those elements of my hypotheticals and what you may be basing that testimony upon?" (AR 54-55). The vocational expert responded as follows:

> The DOT and the SCO[5] are foundational resources which I have considered. They don't have a specific category for [] standing, walking four hours. The climbing category doesn't differentiate stairs, ramps, versus ladders, ropes, or scaffolding. The reaching category does not differentiate reaching overhead versus reaching in other directions. As well, the issues regarding off-task and absenteeism are not addressed in those resources. All of these issues I have considered are based on my experience as a vocational consultant [of] over 30 years, understanding job duties, how these factors would impact representative occupations, as well as understanding employer expectations for productivity and employer tolerance for off-task or absenteeism in the workplace.

(AR 55).

In the decision, the ALJ found the vocational expert's testimony to be consistent

---

[5] The Selected Characteristics of Occupations is the companion publication to the DOT. U.S. Dep't of Labor, Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles Appx. C (1993) (SCO).

**MEMORANDUM DECISION AND ORDER - 7**

with the DOT and that there was no evidence of an obvious or apparent conflict between the expert's testimony and the essential, integral, or expected requirements of the representative occupations. (AR 24). The ALJ determined that because the specific manipulative limitation posed to the vocational expert was not found in the DOT or its companion publications, SSR 00-4P was not applicable. (AR 24). The ALJ relied on the vocational expert's qualifications in accepting her opinion about issues not addressed in the DOT. (AR 24). Based on the expert's testimony, the ALJ concluded that Plaintiff was capable of working and therefore not disabled. (AR 24).

### C.  Analysis

1. The ALJ erred in finding there was no conflict between the DOT and the vocational expert's testimony.

Plaintiff contends there was an apparent conflict between the vocational expert's testimony and the DOT that the ALJ failed to reconcile, and therefore the ALJ's step five determination was not supported by substantial evidence. (Dkt. 21 at 4). Defendant asserts the ALJ was entitled to rely on the vocational expert's experience and qualifications to account for the manipulative limitations discussed at step five. (Dkt. 25 at 2). More specifically, Plaintiff argues the RFC limitation of never reaching overhead bilaterally conflicts with the work requirements of small products assembler, assembler-arranger, and stock checker occupations as described in the DOT. (Dkt. 21 at 5).

Reaching connotes the ability to extend one's hands and arms in *any* direction, and as the vocational expert noted, "the reaching category [in the DOT] does not differentiate reaching overhead versus reaching in other directions." (AR 55) (emphasis added); SSR

**MEMORANDUM DECISION AND ORDER - 8**

85-15, 1985 SSR LEXIS 20 1985 WL 56857, at *7. The jobs specified by the vocational expert all require frequent reaching, although "not every job that involves reaching requires the ability to reach overhead." *Gutierrez*, 844 F.3d at 808. The relevant portions of the DOT descriptions for each of the three jobs identified by the vocational expert are as follows:

> A stock checker "[v]erfies quantities, quality, condition, value, and type of articles purchased, sold, or produced against records or reports. May sort data or items into pre-determined sequence or groups. May record items verified. May be designated according to type of establishment as Warehouse Checker (clerical)." DOT 222.687-010.

> A small products assembler "[p]erforms any combination of the following repetitive tasks on assembly line to mass produce small products, such as ball bearings, automobile door locking units, speedometers, condensers, distributors, ignition coils, drafting table sub-assemblies, or carburetors: Positions parts in specified relationship to each other, using hands, tweezers, or tongs. Bolts, screws, clips, cements, or otherwise fastens parts together by hand or using hand tools or portable powered tools. Frequently works at bench as member of assembly group assembling one or two specific parts and passing unit to another worker. Loads and unloads previously setup machine, such as arbor presses, drill presses, taps, spot-welding machines, riveting machines, milling machines, or broaches, to perform fastening, force fitting, or light metal cutting operation on assembly line. May be assigned to different workstations as production needs require or shift from one station to another to reduce fatigue factor. May be known according to product assembled." DOT 706-684-022.

> An assembler-arranger "[a]ssembles decorative wall plaques by hand; arranges flowers or other ornamental material, according to prepared design, and glues parts on -pasteboard, plastic, or wooden background. Places sheet of glass over design and applies gummed take around edges to hold glass in place. May assemble decorative arrangement using twisting machine to fasten arrangement together." DOT 739.687-010.

Here, the Court must first determine whether there was an obvious or apparent conflict triggering the ALJ to inquire further with the purpose of resolving said conflict.

**MEMORANDUM DECISION AND ORDER - 9**

*Lamear v. Berryhill*, 865 F.3d 1201, 1205 (9th Cir. 2017) (citing *Gutierrez*, 844 F.3d at 808). As noted previously, the occupations identified by the vocational expert all require frequent reaching. Plaintiff's RFC limitations include never reaching overhead bilaterally but do not limit his ability to reach in any other direction.

In *Gutierrez*, the Ninth Circuit determined that there was no apparent conflict between the DOT's description of a cashier requiring frequent reaching and a claimant's RFC allowing for overhead reaching with only one arm. 844 F.3d at 808. There, the Ninth Circuit inferred from "common experience" that overhead reaching is not an integral part of a cashier's job, and therefore, there was no conflict for the ALJ to reconcile. *Id*. at 808.[6] However, the representative occupations of a small parts assembler, assembler-arranger, or stock checker here do not readily lend themselves to a "common experience" analysis and similar inference. *E.g., Trudy A. v. Kijakazi*, 2021 U.S. Dist. LEXIS 158915, at *11 (D. Idaho Aug. 20, 2021).

As such, the Court cannot infer that a person limited from ever reaching overhead with both arms could perform the essential functions of the representative occupations. Thus, there is an obvious and apparent conflict between the DOT's descriptions requiring

---

[6] Defendant cites *Jose G. v. Kijakazi*, 2023 U.S. Dist. LEXIS 70222 (D. Idaho Apr. 19, 2023) to support the assertion that the ALJ could rely on the vocational expert's experience to account for a particular job's requirements. (Dkt. 25 at 4). There, a claimant restricted to occasional overhead reaching was found to be able to work as a parking enforcement officer. *Jose G.*, 2023 U.S. Dist. LEXIS 70222, at *13. The court found that common experience would not require parking enforcement officers to reach overhead, similar to the situation in *Gutierrez*, and therefore, there was no apparent or obvious conflict between the vocational expert's testimony and the DOT. *Id.* Because there was no conflict, the ALJ was entitled to rely on the vocational expert's experience. *Id.* Here, in contrast, the representative occupations of small-parts assembler, assembler-arranger, or stock checker are not well known in common experience, and Plaintiff's restrictions include never being able to reach overhead with either arm.

**MEMORANDUM DECISION AND ORDER - 10**

frequent reaching, and the vocational expert's testimony that despite never being able to reach overhead bilaterally, Plaintiff would be able to work as a small parts assembler, assembler-arranger, or stock checker. While the DOT listings do not affirmatively indicate that the representative occupations require reaching in any specific direction, they also do not obviously suggest that acceptable or efficient performance of such occupations would never require overhead reaching. Consequently, the reaching requirements for the representative occupations appear to be inconsistent with Plaintiff's inability to reach overhead. Therefore, the Court finds the ALJ erred by determining there was no conflict between the vocational expert's testimony and the DOT.

2. The ALJ failed to resolve the conflict between the vocational expert's testimony and the DOT.

In the event of a conflict, the ALJ shall determine whether the expert's opinion regarding a plaintiff's ability to perform a certain occupation is reasonable and provide a basis for relying on the expert's testimony rather than the DOT. SSR 00-4P; *Lamear*, 865 F.3d at 1205-06 (such a conflict triggers an obligation on the part of the ALJ to ask the vocational expert to "reconcile the conflict" before the ALJ may "rely[] on the expert to decide if the claimant is disabled."); *Shaibi v. Berryhill*, 883 F.3d 1102, 1109 (9th Cir. 2018) ("[A]n ALJ is required to investigate and resolve any apparent conflict between the [expert's] testimony and the DOT, regardless of whether the claimant raises the conflict before the agency.")

Here, the vocational expert and ALJ discussed the reaching conflict during the hearing and the ALJ relied on the expert's testimony in the decision. (AR 24, 54-55). In

**MEMORANDUM DECISION AND ORDER - 11**

that regard, the ALJ satisfied part of his duty by asking the vocational expert whether her testimony was consistent with the DOT. *Massachi*, 486 F.3d at 1152. Therefore, the Court must consider whether the ALJ properly investigated and resolved the conflict. *Shaibi*, 883 F.3d at 1109. The ALJ's obligation to elicit explanation for the conflict from the vocational expert is "fact-dependent" and "the more obscure the job, the less likely common experience will dictate the result." *Lamear*, 865 F.3d at 1205 (quoting *Gutierrez*, 844 F.3d at 808).

Even though the vocational expert identified the discrepancies between her testimony and the DOT, the Court finds that the ALJ failed to resolve the conflict. While there is no question that the vocational expert was qualified to testify and there was no challenge to her qualifications (AR 55, 315), the ALJ erred by not determining the factual foundation of the expert's experience as the basis for her conclusion that despite the conflict, Plaintiff could still perform the jobs identified. Relying on the vocational expert's experience is not the same as obtaining a reasonable explanation for the conflict. "Reasonable explanations" include, but are not limited to, (1) a vocational expert knowing information about a particular job' requirements not listed in the DOT because the expert obtained the information from employers, or from the expert's experience in job placement or career counseling, and (2) a vocational expert having more specific information regarding the "range of requirements of a particular job as it is performed in specific settings." *See* SSR 00-4P, 2000 SSR LEXIS 8.

The vocational expert testified that she relied on her professional experience where the DOT did not cover specific limitations in the RFC, but the ALJ did not inquire

**MEMORANDUM DECISION AND ORDER - 12**

further. *See Lamear*, 865 F.3d at 1205. Instead, the ALJ simply accepted the expert's testimony and relied on the expert's qualifications to conclude that Plaintiff could perform the representative jobs. (AR 24, 55). This does not qualify as a reasonable explanation for the conflict and thus, the conflict was not resolved by the expert's testimony. *See Hernandez v. Astrue*, 2011 U.S. Dist LEXIS 6377, at *12 (C.D. Cal. Jan 21, 2011); *Laura C. v. Comm's of Soc. Sec.*, 2018 U.S. Dist. LEXIS 199050, *7-8 (W.D. Wash. Nov. 23, 2018); *Shanee L.W. v. Kijakazi*, 2023 U.S. Dist. LEXIS 208075, at 24-25 (C.D. Cal. Nov. 20, 2023).

The ALJ's ruling does not reconcile how Plaintiff could work as a small products assembler, assembler-arranger, or stock checker despite his RFC limitation of never reaching overhead with either arm. Relying only on the expert's experience or qualifications is not the same as obtaining a reasonable explanation for the conflict. *See e.g., Buckner-Larkin v. Astrue*, 450 Fed. Appx. 626, 628 (9th Cir. 2011) (expert's conclusions were based "on his own labor market surveys, experience, and research."); *Ruiz v. Colvin*, 638 Fed. Appx. 604, 607 (9th Cir. 2016) (expert's opinion based on placing people with similar limitations in those jobs); *De Rodriquez v. Berryhill*, 2017 U.S. Dist. LEXIS 39696, at *37-38 (E.D. Cal. Mar. 19, 2017) (same).

The Court accordingly finds the ALJ failed to make factual findings that would reasonably explain the conflict. The ALJ's reliance on the vocational expert's qualifications is insufficient where there is an apparent conflict between the DOT and vocational expert's testimony, because the ALJ must obtain from the expert an explanation that addresses the conflict in adequate detail in order to determine whether

the conflict has been resolved.

        3.   The ALJ's errors were not harmless.

The Court further concludes that the ALJ's errors were not harmless, because as a result of the error, the ALJ's step five finding that Plaintiff is capable of performing the occupations of small parts assembler, assembler-arranger, or stock checker was not supported by substantial evidence. *See Molina v. Astrue*, 674 F.3d 1104, 1117 (9th Cir. 2012) (an error is not harmless if it "alters the outcome of the case").

## CONCLUSION

Based on the above, the Court finds that substantial evidence does not support the ALJ's step five finding and will therefore reverse and remand the ALJ's decision for further administrative proceedings. The decision whether to remand for further proceedings or award immediate benefits is within the discretion of the Court. *Trevizo v. Berryhill*, 871 F,3d 664, 682 (9th Cir. 2017). Remand for a direct award of benefits is generally proper where no useful purpose would be served by further administrative proceedings, or where the record has fully developed. *Trevizo*, 871 F.3d at 682-83. However, in cases where further administrative review could remedy the Commissioner's errors, remand is appropriate. *McLeod v. Astrue*, 640 F.3d 881, 888 (9th Cir. 2011). Generally, when the Court reverses an ALJ's decision "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004). The circumstances presented in this case suggest further administrative review could remedy the Commissioner's errors. *Burrell v. Colvin*, 775 F.3d 1133, 1141 (9th Cir. 2014). Accordingly, the Court finds it

appropriate to reverse and remand for further administrative proceedings.

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED** that:

1) The decision of the Commissioner of Social Security is **REVERSED**;

2) The action is **REMANDED** to the Commissioner for further proceedings consistent with this opinion.

3) This Remand shall be considered a "sentence four remand," consistent with 42 U.S.C. § 405(g) and *Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002).

DATED: April 30, 2024

_____
Honorable Debora K. Grasham
United States Magistrate Judge